**71 So.2d 870**

**STATE v. LUCAS.**

No. 41520.

March 22, 1954.

Francis A. Ledet, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Defendant Emile Lucas, charged in a bill of information with being an habitual user of a narcotic drug, morphine, contrary to the provisions of R.S. 40:962, entered a plea of guilty and was sentenced on March 11, 1952, to serve a term of 10 years in the state penitentiary. His sentence was suspended, however, under R.S. 40:-981, and he was placed on probation, provided that he voluntarily entered, in no more than 30 days, one of the United States public health service hospitals and

remained there until certified by the medical officer in charge as being cured. Thereafter, on June 8, 1953, the State acting through the district attorney filed a rule and obtained an order for the defendant to show cause why the suspension of his sentence should not be revoked and set aside on the grounds (1) that the defendant did not comply with the terms of the suspended sentence because he did not enter a United States public health service hospital, and (2) that, since the time the suspended sentence was imposed, the defendant has been convicted of felonies and that these final convictions are a breach of the conditions of the suspended sentence. After trial the court made the rule absolute, and recalled, revoked, and set aside the suspension of his sentence and ordered the original sentence executed. Defendant has appealed.

Defendant denies that he refused to enter the hospital pursuant to the conditions of the suspended sentence, but on the contrary alleges that he made a bona fide attempt to do so. This defense is immaterial, however, since we have concluded that the judgment of the district court correctly revoked the suspension because of his conviction of other felonies (theft and attempted theft) while his sentence was suspended. R.S. 15:538 provides:

"Upon the final conviction of the offender of any other felony or misdemeanor, during the suspension of the sentence, the court granting such suspension shall cause the arrest of the defendant if he is not then in the custody of the court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such case no new trial shall be granted in the first conviction."

It is appellant's contention that this statute is without application because under R.S. 40:981 the suspension of his sentence was made on the sole condition that he enter a United States public health service hospital. R.S. 40:981 does provide that the court may suspend the sentence of a first offender and place such offender on probation conditioned upon his voluntarily entering within not less than 30 days one of the United States public health service hospitals and remaining there until certified by the officer in charge as being cured. There is nothing in the language of this statute, however, to indicate that it was the intention of the Legislature that the general statute dealing with the revocation of suspended sentences for the subsequent conviction of felonies (R.S. 15:538) would not be applicable to such an offender who had received a suspended sentence under R.S. 40:981. Since the defendant in the instant case has been convicted of other felonies as set out hereinabove, the provisions of R.S. 15:538 govern this case, and the judgment of the lower court making the rule absolute was correct.

For the reasons assigned, the judgment appealed from is affirmed.